UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH R. ROGERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1527** |
| **MAJ. ALVIN ROBINSON, WARDEN** | **SECTION "E"(2)** |

## REPORT AND RECOMMENDATION

This petition for a writ of habeas corpus under 28 U.S.C. § 2241 was referred to a United States Magistrate Judge for preliminary review, and if necessary, to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).[1] Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state required remedies.

I.  STATE COURT PROCEDURAL BACKGROUND

The petitioner, Joseph R. Rogers, is incarcerated in the Nelson Coleman Correctional Center in Killona, Louisiana.[2] On February 1, 1984, Rogers was charged by bill of information in Orleans Parish with one count of attempted first degree murder,

---

[1] Rec. Doc. No. 21.

[2] Rec. Doc. No. 16.

one count of armed robbery and one count of aggravated arson.[3] The relevant facts as determined at trial were summarized by the Louisiana Fourth Circuit Court of Appeal as follows:

> Rogers was employed as a laborer at the Glenrose Motel in New Orleans during November and December of 1983. He stayed in Room 35 of the motel until December 11, when he checked out, taking the room key with him.
> About eight o'clock on the morning of December 19, the manager of the motel, Pusvadan Patel, received a telephone call summoning him to Room 35 to repair the heater. As Patel entered the room, he was hit on the head with a pipe by a person standing behind the door. Patel immediately recognized his assailant as Joseph Rogers. Rogers continued to beat Patel with the pipe, took his motel keys, bound and gagged him with strips of torn sheets, and put him in a closet. Ten minutes later, when Patel began to smell smoke, he worked himself free and escaped from the closet and the burning room.
> The fire department quickly put out the fire, which an arson investigator testified was started by an open flame at three points in the motel room, two of which were near the closet. Investigating police officers found the motel office ransacked and the cash register empty.

State v. Rogers, 462 So.2d 684, 685 (La. App. 4th Cir. 1984); State Record Volume 2 of 3, Louisiana Fourth Circuit Opinion, KA-2505, pp. 1-2, December 19, 1984.

Rogers was tried before a jury on March 20 and 21, 1984, and found guilty as charged on each of the three counts.[4] The state trial court sentenced Rogers on April 5,

---

[3] St. Rec. Vol. 1 of 3, Bill of Information, 2/1/84.

[4] St. Rec. Vol. 1 of 3, Trial Minutes, 3/19/84; Trial Minutes, 3/20/84; Jury Verdict, 7/15/98; St. Rec. Vol. 2 of 4, Trial Transcript, 7/15/98.

2

1984, to serve three concurrent sentences of 23 years in prison without benefit of parole, probation or suspension of sentence.[5]

On December 19, 1984, Rogers's conviction for aggravated arson was overturned on direct appeal by the Louisiana Fourth Circuit Court of Appeal as a violation of the prohibition against double jeopardy.[6] The remaining convictions and sentences were otherwise affirmed. The Louisiana Supreme Court denied Rogers's related writ application without stated reasons on November 22, 1985.[7]

On April 21, 1989, on collateral review of the above-described case and a conviction after a plea agreement in another Orleans Parish criminal case, the Louisiana Supreme Court ordered that Rogers's sentence for attempted first degree murder be amended to remove the restriction on the benefits of parole, probation or suspension of sentence.[8]

Although the procedural record before me is decidedly unclear, it appears from the submissions of the parties that Rogers was initially paroled as to his 1984 convictions

---

[5] St. Rec. Vol. 1 of 3, Sentencing Minutes, 4/5/84. The record does not distinguish the time periods assigned to each count.

[6] Rogers, 462 So.2d at 684; St. Rec. Vol. 2 of 3, 4th Cir. Opinion, KA-2505, 12/19/84.

[7] State v. Rogers, 478 So.2d 899 (La. 1985); St. Rec. Vol. 2 of 3, La. S. Ct. Order, 85-KH-0213, 11/22/85; La. S. Ct. Writ Application, 85-KH-0213, 1/31/85.

[8] State ex rel. Rogers v. McKay, 541 So.2d 882 (1989); St. Rec. Vol. 2 of 3, La. S. Ct. Order, 88-KH-1445, 4/21/89.

3

some time in 1996 and 1997.⁹ It further appears that, after his parole was revoked, and reinstated, it was finally revoked on May 30, 2014, and he was again incarcerated.¹⁰

## II. FEDERAL PETITION

On February 16, 2006, Rogers signed and submitted to the clerk of this court a handwritten pleading alleging that his due process rights were violated as a result of his detention based on a parole revocation warrant issued for him when he failed to report to his probation officer while he was displaced by Hurricane Katrina or upon his return to the New Orleans area.¹¹ The pleading was construed as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The clerk of court issued a notice of deficiency dated March 16, 2006, requiring Rogers to submit a pauper application or filing fee for the matter to proceed.¹² The envelope containing that notice was returned as undeliverable with notations indicating that Rogers was released from Orleans Parish Prison on March 8, 2006.¹³

The matter remained dormant until June 13, 2014, when the clerk issued a notice of the striking of the pleading from the court's records for Rogers's failure to comply

---

⁹See State Rec. Vol. 1 of 3, Motion to Correct Illegal Sentence at p. 4 (11/9/09) ("Relator avers that his full term sentence was over in 2005. It's 2008. Relator was released 12 years ago.").

¹⁰See Parole Revocation records attached to State's Answer, Record Doc. No. 27, Exhibits 2-6.

¹¹Rec. Doc. No. 1.

¹²Rec. Doc. No. 4.

¹³Rec. Doc. No. 4-2.

4

with the prior notice of deficiency.[14]  Rogers replied to this notice, and the clerk thereafter pursued additional information from him, including a pauper application and form petition.[15]  In the form petition, Rogers merely referenced his prior submission, except for the following statement:

> note: since the filing of this compl[ai]nt [Rogers] had discharge, but if not for complained violation plaintiff parole would be finished and plaintiff would [not] be subjected to this incarceration.

Record Document No. 10, page 8, ¶15.  Broadly construing this statement in light of the record now before me, Rogers appears to have been suggesting that, although he had been released from jail without a revocation of his parole, that incident and the continuation of his parole impacted his subsequent periods of, and perhaps resulted in his current, detention.

The State filed an answer to Rogers's petition presuming that the petition was not a prohibited second or successive petition and conceding that it otherwise was timely submitted for filing in 2006.  The State argues, however, that the state records do not indicate that Rogers's parole was revoked as a result of his February 13, 2006, arrest and that he did not pursue state court review of his detention at that time, rendering his claims unexhausted and now in procedural default.  For the following reasons, I cannot apply

---

[14]Rec. Doc. No. 5.

[15]Rec. Doc. Nos. 2, 9, 10.

5

the State's proposed bar to successive petitions or the federal limitations provisions and find them irrelevant to resolution of Rogers's instant Section 2241 petition.

Under 28 U.S.C. § 2244(a), a district court lacks jurisdiction to consider a second or successive application or petition, unless the circuit court of appeals first grants the petitioner authorization to file the petition.  See 28 U.S.C. §2244(b)(3)(A); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).  In considering the successiveness of Section 2241 petitions, the Fifth Circuit has made the following observations:

> The specific limitations on filing successive 28 U.S.C. § 2255 motions and 28 U.S.C. § 2254 habeas petitions that were enacted as 28 U.S.C. § 2244(b) under the AEDPA do not literally apply to 28 U.S.C. § 2241 habeas petitions.  See Zayas v. INS, 311 F.3d 247, 256-57 (3d Cir. 2002).  However, this court has held that the version of 28 U.S.C. § 2244(a) that was in effect prior to enactment of the AEDPA bars successive 28 U.S.C. § 2241 petitions that are based on the same claim. See United States v. Tubwell, 37 F.3d 175, 177-78 (5th Cir. 1994).  Accordingly, the present version of 28 U.S.C. § 2244(a), which is very similar, applies to [§2241] case[s].

Ortloff v. Fleming, 88 F. App'x 715, 716 (5th Cir. 2004) (emphasis added); accord Davidson v. U.S. Dep't of Just., 239 F.3d 366, 2000 WL 1741633, at *1 (5th Cir. 2000) (Table, Text in Westlaw); see Williams v. Tamez, 466 F. App'x 326, 327 (5th Cir. 2012) (affirming dismissal of successive Section 2241 petition as abuse of the writ, citing current 28 U.S.C. § 2244(a)); Jennings v. Menifee, 214 F. App'x 406, 407 (5th Cir. 2007) (same).

The records of this court reflect that Rogers has previously filed two petitions in this court under 28 U.S.C. § 2254 challenging the constitutionality of his 1984

conviction. He filed his first Section 2254 petition in 1984 in C.A. No. 84-3126, which was dismissed with prejudice on February 6, 1985, 21 years before his 2006 arrest on the parole revocation warrant. His second federal habeas petition, C.A. 90-663, was dismissed with prejudice as a prohibited second or successive petition on January 15, 1991, because it challenged the underlying conviction and sentence previously addressed in the 1984 federal habeas petition. Neither of these cases involved alleged denial of due process during the parole revocation proceeding that is the subject of Rogers's 2006 petition under Section 2241.

The State also references without much detail a petition filed by Rogers in this court in 2009, which was left unresolved after denial of pauper status. The records of this court do not reflect that Rogers filed a habeas petition in 2009. The only case filed by Rogers in 2009 was a civil rights complaint pursuant to 42 U.S.C. § 1983, which was received by the clerk of court on October 21, 2009, and allotted C.A. 09-7034"N"(2). In that complaint, Rogers challenged the conditions of his confinement and the alleged failure to relocate him to a drug rehabilitation program after his 2009 drug conviction unrelated to the earlier 1984 conviction. The court denied the pauper application in that case on October 27, 2009, and the case remained closed. This civil rights case was not a habeas corpus petition and in no way impacts any discussion of the second or successive nature of Rogers's current federal habeas corpus petition.

In addition, the instant federal habeas corpus petition does not raise the same claims previously asserted in Rogers's two prior habeas cases.  Under the standards outlined above, the instant petition would not be an abuse of the writ, or a second or successive filing under Section 2244, that would require Rogers first to seek authorization from the Fifth Circuit.  Thus, this court has jurisdiction to consider Rogers's current Section 2241 petition, despite his prior filings under Section 2254.

In addition, the AEDPA's one-year statute of limitations period has not been extended to Section 2241 petitions.  United States v. Pipkins, No. 07CR0163, 2012 WL 1019118, at * 1 (E.D. La. Mar. 26, 2012) (Duval, J.) ("However, unlike § 2554 habeas petitions, which are governed by the [AEDPA], § 2241 petitions have no statute of limitations."); Hartfield v. Quarterman, 603 F. Supp.2d 943, 948 (S.D. Tx. 2009); Williams v. Louisiana's A.G.'s Office, No. 07-603, 2007 WL 2915078, at *3 (E.D. La. Oct. 4, 2007) (Order adopting report and recommendation).  The AEDPA did not amend Section 2241 to include a limitations period for filing a petition under that section. Homayun v. Cravener, 39 F. Supp.2d 837 (S.D. Tx. 1999) (citing Sandoval v. Reno, 166 F.3d 225, 234 (3d Cir. 1999) and Goncalves v. Reno, 144 F.3d 110, 120 (1st Cir. 1998), cert. denied, 526 U.S. 1004 (1999)).

> The Fifth Circuit cases addressing limitations involve habeas petitions filed under either 28 U.S.C. § 2254 or § 2255, not petitions for relief under §

2241. It appears, therefore, that petitioners relying on § 2241 are not subject to the one-year limitations period set forth in other provisions of the AEDPA.

Homayun, 39 F. Supp.2d at 841.

In the absence of controlling Fifth Circuit authority clearly indicating that the one-year AEDPA statute of limitations applies to Section 2241 petitions, there is no basis on which to address the timeliness of Rogers's current petition.

III.   EXHAUSTION OF STATE REQUIRED REMEDIES

According to the records submitted by the State, after his 1984 conviction, Rogers apparently was released on parole several times between his conviction in 1984 and his current incarceration, with each such period followed by a revocation proceeding.[16] Rogers's state court pleadings suggest that the parole release terms may have been the result of his earned good-time incentive credits.[17]

Nevertheless, although not reflected in the records before me, Rogers alleges in his current petition that, during one of his parole release terms, he was arrested on February 13, 2006, when he reported to his parole officer after having been absent from the area since the evacuation following Hurricanes Katrina and Rita.[18] He complains that he was arrested and incarcerated without a proper parole revocation hearing in violation

---

[16]Rec. Doc. No. 25-1, p.1.

[17]See, e.g., St. Rec. Vol. 1 of 3, Motion to Correct Sentence, dated 9/26/08.

[18]Rec. Doc. No. 10-1, p. 2.

9

of the Due Process Clause. As discussed above, he also appears to claim that this period of detention may have impacted his subsequent parole terms and current detention.

Rogers now concedes that he was discharged from jail following his 2006 arrest without revocation of his parole at that time. This confirms the information already in this court's record which reflects that Rogers was released from the Orleans Parish Prison on March 8, 2006.[19] The records further reflect that Rogers was on parole when he was arrested in 2008 on an unrelated drug charge, and his parole related to his 1984 conviction was not revoked until June 1, 2009.[20]

My review of the records before me reflects that Rogers has not presented his due process challenge to his 2006 arrest and detention (or its impact on his subsequent and current detentions) to the state courts. Although the statutory language of 28 U.S.C. § 2241(c) contains no express exhaustion requirement, a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state courts or by some other state procedure available to the petitioner. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); Edge v. Stalder, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); Greer v. St. Tammany Parish Jail, 693 F. Supp. 502, 508 (E.D. La. 1988); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973). The exhaustion doctrine is applied to Section 2241(c) as a matter

---

[19]Rec. Doc. No. 4-2, p.1.

[20]Rec. Doc. No. 25-1, p.1; St. Rec. Vol. 3 of 3, Bill of Information (481081).

10

of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and initially resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. Dickerson, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). In Section 2241 cases, this exhaustion requirement is obviated only if "special circumstances" exist. Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489); Tooten v. Shevin, 493 F.2d 173, 177 (5th Cir. 1975).

To exhaust his claims in the state courts, Rogers must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and provide the state courts with a full opportunity to address those claims. Louisiana law requires that an appropriate post-conviction claim must be brought in an application for post-conviction relief filed in the state district court. La. Code Crim. P. arts. 925 and 930.3. The petitioner may then seek supervisory review in the appellate court, La. Code Crim. P. art. 930.6, and discretionary review in the Louisiana Supreme Court, La. S. Ct. Rule X§5.

Rogers's state court records do not contain any pleadings on or after February 13, 2006, challenging his arrest on that date, his detention on that revocation warrant or its

impact on any subsequent detentions. He appears simply to have abandoned the matter when he was again released on parole shortly after that arrest. My independent research indicates that Rogers has not pursued any review in the Louisiana Supreme Court related to this conviction or any other criminal proceeding since his 1988 writ application.[21] Rogers's Section 2241 petition therefore should be dismissed without prejudice for failure to exhaust state court remedies.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Joseph Rogers's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

---

[21] A member of my staff contacted the office of the Clerk of Court for the Louisiana Supreme Court on March 6, 2015, and was provided with this information.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[22]

New Orleans, Louisiana, this ___13th___ day of March, 2015.

                                                 JOSEPH C. WILKINSON, JR.
                                             UNITED STATES MAGISTRATE JUDGE

---

[22]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.